**ALLURE ENERGY, INC., Plaintiff,**

v.

**NEST LABS, INC., et al., Defendants.**

**CIVIL ACTION No. 9–13–CV–102**

United States District Court,
E.D. Texas, Lufkin Division.

Signed 03/24/2015

John S. Artz, Erin M. Pawlowski, Franklin Michael Smith, J. Benjamin Dolan, John A. Artz, Dickinson Wright PLLC, Troy, MI, Bahrad Ali Sokhansanj, Courtland Lewis Reichman, McKool Smith Hennigan, PC, Redwood City, CA, Blake H. Bailey, McKool Smith, PC, Houston, TX, Dallas William Tharpe, Yarbrough Wilcox, PLLC, Debra Elaine Gunter, Findlay Craft PC, Herbert A. Yarbrough, III, Attorney at Law, Tyler, TX, Douglas A. Cawley, McKool Smith, Dallas, TX, Kathy H. Li, McKool Smith, PC, Austin, TX, for Plaintiff.

James S. Trainor, Jr., Kevin X. McGann, Silvia Medina, White & Case, New York, NY, Carmen K. Lo, Eric A. Krause, Eric E. Lancaster, Kevin Menes, Warren S. Heit, Wendi R. Schepler, White & Case, LLP, Palo Alto, CA, Domingo Manueal Llagostera, Keith Alan Rutherford, Wong Cabello Lutsch Rutherford & Brucculeri, LLP, Houston, TX, J Thad Heartfield, The Heartfield Law Firm, Beaumont, TX, for

Nest Labs, Inc., Green Mountain Energy Company and Reliant Energy Retail Holdings, LLC.

### ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS

RON CLARK, United States District Judge

Before the court is Defendants' Motion for Leave to Amend Invalidity Contentions. Doc. # 100. Defendants seek leave to amend their Invalidity Contentions under P.R. 3–6(b) to include the BAYweb system, which they allegedly discovered after filing their Invalidity Contentions. The court denies Defendants' motion for lack of good cause because Defendants' own expert made reference to the BAYweb system in filings to the court dated more than two months prior to the date Defendants submitted their Invalidity Contentions.

### I. Background

Plaintiff filed suit against Defendants on May 14, 2013, and amended its complaint on October 29, 2013. Doc. ## 1, 17. Plaintiff alleges that Defendants infringe U.S. Patent Nos. 8,442,695, 8,509,954, and 8,571,518. Defendants answered the amended complaint on December 16, 2013. Doc. ## 22, 24, 26. On February 12, 2013, Plaintiff moved for a preliminary injunction. Doc. # 41. Defendants' response contained several expert declarations, including one from an economist, David DeRamus. Doc. # 60. After a hearing at which the court construed four claims terms of the '518 patent, the court denied the motion for preliminary injunction on March 25, 2014. Defendant served its Invalidity Contentions on May 22, 2014, the very last day for serving invalidity contentions. Doc. # 78.

The court held a *Markman* hearing on November 7, 2014, to assist in construction of the three patents-in-suit. On November 24, 2014, the court issued an order finding that the only independent claim in the '695 Patent was indefinite. Doc. # 143. The court issued an order construing the remaining terms in the '518 and '954 Patents on November 25, 2014. Doc. # 145.

### II. Applicable Law

"This dispute brings into sharp focus the tension between the necessity for orderly and complete discovery on the one hand, and the natural desire of litigants to attain important tactical advantages by delaying disclosure of key elements of their case." *Finisar Corp. v. DirecTV Grp., Inc.,* 424 F.Supp.2d 896, 898 (E.D.Tex.2006). The tension arises from the patent holder's desire to be aware of every piece of potentially invalidating art, so that it may craft its proposed constructions to include the broadest sweep of technology, without being so broad as to be invalidated by some prior art reference, and the diametrically opposed desire of the accused infringer to obtain a construction that will be invalidated by a prior art reference. *Id.* The Eastern District of Texas attempts to balance these interests under its Local Rules.

Under the Local Rules, Appendix B Patent Rules, leave to amend infringement and invalidity contentions "may be made only by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3–6(b). The Federal Circuit has stated that "'good cause' requires a showing of diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.,* 467 F.3d 1355, 1366 (Fed.Cir.2006). In determining whether good cause exists, courts consider a nonexclusive list of factors:

1. The length of the delay and its potential impact on judicial proceedings;

2. The reason for the delay, including whether it was within the reasonable control of the movant;

3. Whether the offending party was diligent in seeking an extension of time, or in supplementing discovery, after an alleged need to disclose the new matter became apparent;

4. The importance of the particular matter, and if vital to the case, whether a lesser sanction would adequately address the other factors to be considered and also deter future violations of the court's scheduling orders, local rules, and the federal rules of procedure; and

5. The danger of unfair prejudice to the non-movant.

*Computer Acceleration Corp. v. Microsoft Corp.*, 481 F.Supp.2d 620, 625 (E.D.Tex. 2007).

### III. Analysis

■ Defendants argue that Plaintiff has not established a lack of good cause under the factors enumerated in *Computer Acceleration.* This stands Local Rule P.R. 3–6(b) on its head. Under Defendants' interpretation "leave to amend is given only upon a showing of good cause" becomes "leave will be granted unless the patentee can show good cause to deny the motion." In reality the nonexclusive list of factors in *Computer Acceleration* helps the court decide whether Defendant, has met its burden of showing good cause. Upon careful consideration, those factors weigh against granting leave to amend.

Factors 2 and 3 weigh heavily against Defendants. Defendants served their Invalidity Contentions on May 22, 2014. Defendants allege that they did not learn of the BAYweb system until July 29, 2014. Doc. # 100–1. Defendants' allegation that they relatively recently discovered the BAYweb system is contradicted by filings in other matters and in this case. First,

Defendant Nest Labs' April 11, 2013 International Application filed under the Patent Cooperation Treaty referenced the Advanced Model Owner's Manual for the BAYweb Thermostat. Doc. # 108–1, p. 5. Then, on February 10, 2014, Defendant Nest Labs cited the BAYweb System in an Information Disclosure Statement to the USPTO. Doc. # 108–2, p. 2.

Defendants argue that court should not impute to all Defendants a lack of diligence based upon these earlier filings of Defendant Nest Labs. Even if the court found that argument persuasive, it cannot ignore the fact that, in this very case, Defendants' own expert, David DeRamus, mentioned the BAYweb system in its March 18, 2014 response to Plaintiff's motion for preliminary injunction. Doc. # 60–1, p. 10. The court simply gives no credit to Defendant asserted reason for the delay—that they did not learn of the BAYweb system until July 29, 2014. Their own expert cited to it in a declaration that they filed in this case on March 18, 2014.

This latter date was more than two months prior to the filing of Defendants' Invalidity Contentions and five months before they filed for leave to amend. Defendants' "reason" for delay and their complete lack of diligence in this matter weigh very heavily against a finding of good cause for leave to amend. *See O2 Micro Int'l Ltd.*, 467 F.3d at 1366.

Defendants waited more than three months after serving their Invalidity Contentions to file a motion to amend them, so Factor 1(length of delay and impact on proceedings) and Factor 5 (danger of unfair prejudice) are not in their favor. During that interval Plaintiff was required by the Scheduling Order to: propose terms for construction; file amended pleadings without leave; exchange proposed claim constructions and extrinsic evidence; serve a preliminary election of asserted claims;

complete discovery on claim construction; and file the opening claim construction brief. *See* Doc. 78. The Court's schedule simply does not permit a reopening of these deadlines to allow Plaintiff to re-examine and refile its documents.

And, no experienced practitioner would argue that the sudden introduction of a new prior art reference is not prejudicial. But prejudicing an opponent is the goal of a trial lawyer. In this case, Defendants' awareness of the reference well before the deadline to file Invalidity Contentions, and their delay in correcting the Invalidity Contentions until all crucial pre-Markman deadlines had passed, makes it unfair prejudice. Factors 1 and 5 decidedly weigh against granting leave to amend.

Factor 4 (importance of the matter) might arguably weigh in Defendants' favor as the information is relevant. But the weight is limited because several of the reasons that Defendants provide for its relevance relate to the '695 patent, which is no longer in issue.

The court has considered and rejected the notion that Plaintiff was on notice that the reference to BAYweb in the expert report might be invalidating art. The expert was providing a quick and broad view of the "The Thermostat Industry" in general. He was describing not what he opined was true, let alone what was invaliding art, but merely what a number of other companies were "reportedly" doing. His reference to BAYweb was limited to: "Bayweb's Standard, Advanced, and Professional internet thermostats reportedly feature 'Occupancy Sensing' and 'Adaptive Scheduling capabilities.' *See* Bay Controls, LLC, 'Internet Thermostat Model Comparison,' accessed Mar. 6, 2014, http://www.bayweb.com/internet-thermostats/model-comparison/." Doc. # 60–1, p. 10.

A party's obligation to provide detailed information when serving "P.R. 303 Invalidity Contentions (and P.R. 304 document product)" is not satisfied by such a passing reference. The concepts of fundamental fairness and cost reduction that underlies the system of mutual disclosures does not require the patentee to devote resources to analyzing every hint an accused infringer may throw out.

The court has considered lesser sanctions but finds they would not adequately address the factors discussed above. Nor would they discourage these Defendants, or parties in future lawsuits, from violating scheduling orders and local rules of courts of the Eastern District of Texas or the Federal Rules of Civil Procedure.

### Conclusion

Not only have Defendants failed to show good cause for leave to amend, the court is firmly convinced the relevant factors weigh heavily in favor of denying the motion. Defendants' Motion for Leave to Amend Invalidity Contentions (Doc. # 100) is DENIED,

**So ORDERED.**